Filed 4/29/22  P. v. Harper CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LARRY TYRONE HARPER,<br><br>Defendant and Appellant. | C091258<br><br>(Super. Ct. No. STK-CR-FE-1995-0006533) |

In 1997, defendant Larry Tyrone Harper pleaded guilty to second degree murder. In 2019, defendant filed a petition for resentencing under Penal Code section 1170.95.[1] The trial court denied defendant's petition after holding an evidentiary hearing relying on the transcript from defendant's preliminary hearing.  During the pendency of this appeal, Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2) (Senate Bill 775) was enacted, which modified section 1170.95.  The parties now agree the matter must be remanded for a new hearing consistent with the revised section 1170.95.

---

[1] Undesignated statutory references are to the Penal Code.

1

In light of Senate Bill 775, we will reverse and remand for further proceedings.

BACKGROUND

At defendant's preliminary hearing on May 1, 1995, three police officers testified (based on conversations with defendant, codefendants, and witnesses) that defendant devised a plan with four others to rob an illegal gambling establishment in Stockton on the night of January 11, 1995. All five individuals carried firearms. The plan shifted to robbing one individual, Prince Austin. Once Austin left the establishment, codefendant Constanty Boyse pulled a shotgun on Austin, who ran. Boyse shot at Austin, striking him in the chest. Defendant saw Austin fall then ran away with Boyse. Austin later died from his wounds.

On January 23, 1997, defendant pleaded guilty to second degree murder and admitted he was armed with a firearm during the commission of the crime. The minutes from the hearing state that the factual basis of the plea was based on a stipulation by counsel; the plea agreement and change of plea hearing transcript were both sealed. Defendant was sentenced to 15 years to life for the murder and one additional year for the firearm enhancement.

On January 10, 2019, defendant filed a petition for resentencing under section 1170.95. Defendant checked the boxes on a form petition indicating he pleaded guilty to second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine; he could not now be convicted of second degree murder because of changes made to sections 188 and 189, effective January 1, 2019; and he was not the actual killer, did not have the intent to kill, nor was he a major participant who acted with reckless indifference to human life.

On April 4, 2019, by written order, the trial court found defendant made a prima facie case for relief, appointed defendant counsel, and set an order to show cause hearing. On January 7, 2020, after further briefing by the parties, the trial court held an order to show cause hearing. At the request of the parties, the trial court took judicial notice of

the preliminary hearing transcript from defendant's original case. The parties then argued whether defendant was a major participant who acted with reckless indifference towards human life based on the facts in the preliminary hearing transcript.

The trial court denied defendant's petition, finding he was a major participant who acted with reckless indifference to human life. The trial court noted that according to UC Davis, 22 percent of people who are shot die. The trial court found it was reckless indifference to human life for defendant to leave the victim to die in the street.

## DISCUSSION

Defendant argues, among other things, that the prosecution failed to provide evidence establishing defendant's ineligibility beyond a reasonable doubt. In response, the People originally contended the trial court's findings were supported by substantial evidence based on testimony from the preliminary hearing.

After the People filed their brief, however, the Legislature passed Senate Bill 775, which became effective on January 1, 2022, and modified section 1170.95. Section 1170.95 creates a process for persons convicted of felony murder or murder under a natural and probable consequences theory to petition to overturn their conviction based on legislative changes made to sections 188 and 189. (§ 1170.95, subd. (a).) Trial courts first review the petition to determine whether the petitioner has made a prima facie case for relief. (§ 1170.95, subd. (c).) If a prima facie case is made, the trial court issues an order to show cause and holds an evidentiary hearing to determine whether to vacate the conviction and recall the sentence. (§ 1170.95, subd. (d).)

Prior to Senate Bill 775, section 1170.95 provided that at the evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing," but no evidentiary restrictions were identified. (§ 1170.95, former subd. (d)(3).) After Senate Bill 775, the admission of evidence at the hearing is now "governed by the Evidence Code" and "hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of Section 872

3

shall be excluded from the hearing as hearsay, unless the evidence is admissible pursuant to another exception to the hearsay rule." (§ 1170.95, subd. (d)(3).) The burden of proof has also been clarified: "A finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Ibid*.) These modifications to section 1170.95 apply retroactively to defendant because his case is not yet final. (*People v. Porter* (2022) 73 Cal.App.5th 644, 652.)

Defendant argues in his reply brief that Senate Bill 775 requires a reversal here because the Legislature has now barred trial courts from relying on hearsay statements made in preliminary hearings during an order to show cause evidentiary hearing. We asked the People to file a supplemental brief addressing Senate Bill 775. In their supplemental brief, the People agree Senate Bill 775 affects defendant's case and that we should remand for a new order to show cause hearing.

We agree with the parties. Revised section 1170.95 now requires the evidentiary hearing to follow the Evidence Code and disallows the use of preliminary hearing testimony unless a hearsay exception applies. The main evidence here was a transcript of testimony from three law enforcement officers during the preliminary hearing relaying conversations they had with various parties. The trial court also appeared to rely on an out of court analysis of shooting victim mortality rates. The parties do not point us to applicable hearsay exceptions, and on the record before us, we do not know whether the trial court did, or could, deny defendant's petition relying exclusively on now-admissible evidence. Accordingly, we will reverse the trial court's order denying defendant's petition and remand for it to conduct a hearing consistent with the revised section 1170.95 procedures. (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1009 [reversing denial of § 1170.95 petition after Senate Bill 775 and remanding for further proceedings]; *People v. Porter, supra*, 73 Cal.App.5th at p. 652 [same].)

4

DISPOSITION

The order denying the section 1170.95 petition is reversed.  The matter is remanded with directions for the trial court to hold further proceedings in accordance with section 1170.95, subdivision (d).


/S/
MAURO, Acting P. J.


We concur:


/S/
DUARTE, J.


/S/
RENNER, J.

5